IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>JEFFREY BELMONT,<br><br>     Defendant. | 8:14CR375<br><br>MEMORANDUM AND ORDER |

This matter is before the court after oral argument on the defendant's motion for a ruling on a point of law in advance of trial, Filing No. 35.

The defendant is charged with two counts of manufacturing explosives without a license in violation of 18 U.S.C. § 842(a)(1). That statute makes it unlawful for any person "to engage in the business of importing, manufacturing, or dealing in explosive materials without a license." 18 U.S.C. § 842(a)(1). The parties dispute the meaning of the phrase "engaged in the business."

The defendant contends the definition applicable in the Eighth Circuit is "an activity which occupies a person's time, attention and labor for the purpose of livelihood or profit," citing *United States v. Perkins*, 633 F.2d 856, 859 (8th Cir. 1981). The government, on the other hand, argues that it is not required to show that a defendant is engaged in the business of manufacturing explosives for a livelihood or profit in order to obtain a conviction under § 842(a)(1). The government relies on the Tenth Circuit case of *United States v. Graham*, 305 F.3d 1094, 1101-02 (10th Cir. 2002), in support of its position.

The case on which the defendant relies in support of his position, *United States v. Perkins*, involves a prosecution for dealing in firearms under the Gun Control Act, 18 U.S.C. § 921, *et seq.* See *Perkins*, 633 F.2d at 859. In the context of dealing in firearms, the Eighth Circuit Court of Appeals found that "the proper focus in ascertaining 'business' is whether the pursuit 'occupies time, attention and labor for the purpose of livelihood or profit' by the person and not merely the number of sales." *Id.* (quoting *United States v. Williams*, 502 F.2d 581, 582-83 (8th Cir. 1974)). When *Perkins* was decided in 1981, there was no definition of the phrase "engaged in the business of" in the Gun Control Act. See Pub. L. 90-618, *codified at* 18 U.S.C. § 921(a)(1968). In 1986, in the Firearms Owners Protection Act, Congress amended the statute to include definitions of the phrases "engaged in the business" and "with the principal objective of livelihood or profit." Pub. L. 99–308, § 101, 100 Stat. 449 (May 19, 1986), *codified at* 18 U.S.C. § 921 (a)(21) & (22). The reason for the amendment was that Congress found the rights of citizens to keep and bear arms under the Second Amendment to the United States Constitution required additional legislation "to correct existing firearms statutes and enforcement policies" in order "to reaffirm the intent of the Congress, as expressed in section 101 of the Gun Control Act of 1968, that 'it is not the purpose of this title to place any undue or unnecessary Federal restrictions or burdens on law–abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity, and that this title is not intended to discourage or eliminate the private ownership or use of firearms by law–abiding citizens for lawful purposes.'" *Id.*, § 1(b)(1) and (2).

The *Graham* case involved the statute at issue herein, 18 U.S.C. § 842(a), in the context of a charge of "'engaging in the business of . . . dealing in explosive materials without a license.'" *Graham,* 305 F.3d at 1094 (quoting 18 U.S.C. § 842(a)(1). In the *Graham* case, the Tenth Circuit pointed out that Congress "had the power to simultaneously amend the explosives statute to contain the exact same definition" as that added to the firearms statute, but it did not. See *Graham*, 305 F.3d at 1101. Accordingly, the Tenth Circuit rejected the invitation to "unilaterally amend the explosives statute by applying the definition of 'engage[d] in the business' now found in the amended firearms statute." *Id.* With respect to the crime of "dealing," the Tenth Circuit Court of Appeals adopted the following definition: "One is guilty of 'engag[ing] in the business' of dealing in explosives under the statute if one has explosives 'on hand or is ready and able to procure them for the purpose of selling them from time to time to such persons as might be accepted as customers.'" *Graham*, 305 F.3d at 1102 (quoting *United States v. Carter*, 801 F.2d 78, 82 (2nd Cir. 1986)). The Court noted that "the broad definition of the term 'business' articulated above is the most consistent with the broad corrective and remedial purposes of the explosives statute." *Id.* at 1103.

The court finds that the defendant's position that the Gun Control Act provides parallel definitions of terms found in the Firearms Control Act is untenable in this context. There is a qualitative difference between firearms and explosives. There is also a qualitative difference between dealing and manufacturing. Accordingly, the court finds the *Perkins* case is inapposite and does not provide support for the defendant's position.

The defendant is charged with manufacturing explosives under 18 U.S.C. § 842(a)(1), a statute that makes it unlawful "to engage in the business of importing, manufacturing, or dealing in explosive materials without a license." 18 U.S.C. § 842(a). The statute defines "manufacturer," in turn, as "any person engaged in the business of manufacturing explosive materials for purposes of sale or distribution or for his own use." 18 U.S.C. § 841(h). The explosives statute criminalizes a broader category of conduct than the firearms statute does, because it makes it unlawful to engage in the business of manufacturing explosive materials for a person's own use, whereas the firearms statute expressly exempts from the definition of a firearms dealer "a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms." *Compare* 18 U.S.C. §§ 842(a) and 841(h) *with* 18 U.S.C. § 921(a)(21)(C). The Second Amendment constitutional concerns that motivated the amendment to the firearms statute in 1986 are implicated to a lesser extent, if at all, with respect to explosives. A person may have a second amendment individual right to bear a firearm, but that right does not extend to activities or matters that involve the manufacture of explosive materials. See *District of Columbia v. Heller*, 554 U.S. 570, 599 (holding that the Second Amendment protects the right to keep and bear arms for the purpose of self-defense); *McDonald v. Chicago,* 561 U.S. 742, 787 (2010) (stating "self-defense was 'the central component of the right itself.'"); *Heller*, 554 U.S. at 626 (stating the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes.").

4

The inclusion of the language "for his own use" in the definition of manufacturer under the Explosives Control Act supports a broader definition of "engaging in the business of" in the context of firearms manufacturing than the language found in the Gun Control Act.  *See, e.g.*, *United States v. Gamrat*, No. 05-90027, 2006 WL 3456663, at *1 (E.D. Mich. Nov. 29, 2006) (adopting the government's proposed instruction "that 'engaged in the business' means that 'the defendant was engaged in an activity, affair, role, or matter in which he manufactured explosives.'"); *see* 18 U.S.C. § 841(h).  If the defendant's proposed interpretation of "engaging in the business of" as meaning "undertaken for livelihood or profit" were adopted, the definitional clause criminalizing manufacture of explosives for a person's own use would be rendered meaningless.[1]  The statute only makes sense if the term is interpreted as engaging in an activity or matter involving explosive manufacture.

In the context of this case, the court agrees with the finding of the United States District Court for the Eastern District of Michigan that, if this case were to proceed to trial, the government would not have to prove that the defendant intended to sell or seek livelihood or profit from the explosive manufacturing activities.  *See Gamrat*, 2006 WL 3456663 at *1; *see also* Seventh Circuit Criminal Jury Instructions, Title 18 Offenses, § 842 (providing that the elements of the crime of manufacturing explosives without a license are:  1) The defendant was a manufacturer of explosive materials (as defined in in 18 U.S.C. § 841(h)); and 2) The defendant did not have a license, issued by the Secretary of the Treasury, permitting him to act as a manufacturer of explosive

---

[1] The parties agreed at oral argument that this case does not involve any assertion that the explosives at issue were for personal use.

5

materials).  This finding comports with the Tenth Circuit definition of "engaging in the business" set forth in the *Graham* case, 305 F.3d at 1102.

Accordingly,

IT IS ORDERED:

1. The defendant's motion for a ruling (Filing No. 35) is granted.

2. The provision at issue will be interpreted as set forth above.

Dated this 15th day of June, 2015

                                  BY THE COURT:

                                  s/ Joseph F. Bataillon
                                  Senior United States District Judge